IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M.G. WALDBAUM COMPANY,<br>Plaintiff,<br><br>vs.<br><br>WAYNE COUNTY EGG, LLC,<br>Defendant. | **4:25CV3041**<br><br>**ORDER** |

This matter is before the Court on Defendant Wayne County Egg, LLC's Motion. Filing No. 110. Defendant moves to reopen the August 7 motion to compel deadline set after a discovery dispute conference with the undersigned in July.[1] Plaintiff M.G. Waldbaum Company opposes Defendant's motion. Filing No. 116. For the reasons set forth herein, Defendant's motion is granted.

## BACKGROUND

On July 13, 2026, Defendant's counsel emailed chambers to request a discovery dispute conference before the July 20 motion to compel deadline lapsed. *See* Filing No. 73. The Court held a discovery dispute conference with counsel for the parties on July 29. In relevant part, the Court discussed the parties' dispute related to Defendant's Interrogatory No. 9 and Requests for Production Nos. 31 and 4. Filing No. 81 at 23:14, 32:26, 33:28. Request for Production No. 8 was not

[1] Defendant initially also moved to amend expert deadlines, Filing No. 110, but later withdrew this request. Filing No. 117 at 3.

at issue. During the call, the Court set August 7, 2026 as the deadline for filing discovery motions related to the disputed requests. *See* Filing No. 82.

On August 7, the parties filed a joint stipulation specifying to what extent Plaintiff agreed to respond to the disputed requests by August 28. Filing No. 83 at 2. The Court adopted the parties' stipulation. Filing No. 84. Request for Production No. 8 was not included in the stipulation. On September 11, Defendant moved for sanctions on the grounds that Plaintiff's responses to these requests pursuant to the joint stipulation were deficient. Filing No. 89.[2] In support of its arguments, Defendant filed a spreadsheet Plaintiff produced pursuant to the joint stipulation at Filing No. 91-1 (Exhibit F or MF00038568). The Court held another discovery dispute conference with counsel for the parties on October 9.

During this conference, Plaintiff's counsel advised the spreadsheet is not a business record. Plaintiff's finance team created the spreadsheet to respond to Defendant's requests in compliance with the parties' stipulation. Filing No. 106 at 35:42. The Court ordered Plaintiff's counsel to talk with their client and confirm no other responsive documents exist. *Id.* at 33:30, 34:29, 47:09. The Court also ordered Plaintiff's counsel to provide dates for Defendant to depose the person responsible for the spreadsheet to determine what documents they relied on to create it. *Id.* at 49:41. *See also* Filing No. 107 (minute entry).

After the discovery dispute conference, Plaintiff produced a declaration by the person who created the spreadsheet—Plaintiff's Senior Director of Commercial Finance. Filing No. 119. In her declaration, the director explains she relied on a native spreadsheet file (MF00038716). *Id.* at 3 ¶ 7. Plaintiff produced the native spreadsheet with the director's declaration. Plaintiff also produced an updated version of the spreadsheet (MF00038717). *Id.* at 7 ¶ 21. The director explained in

---

[2] Defendant withdrew its motion for sanctions without prejudice after the second discovery dispute conference. Filing No. 108; Filing No. 109.

her declaration that none of these spreadsheets are Plaintiff's financial records. *Id.* at ¶ 22. Defendant deposed the director on November 9. During the deposition, the director explained Plaintiff prepares a monthly profit and loss report. Filing No. 124-1 at 7. Defendant now moves to reopen the August 7 deadline so it can move to compel the egg specific financial records underlying the director's spreadsheets as well as the records the director discussed during her deposition.

Defendant also moves to reopen this deadline to compel monthly Regional Variance Detail and External Egg Sourcing reports. For context, Plaintiff produced a "Regional Variance Detail" in response to Defendant's discovery requests. Filing No. 113 at 4 (Exhibit H or MF00002259–75). Plaintiff asserts, without evidence, that it first produced this report on November 11, 2025. Filing No. 116 at 3.

During the October 9 discovery dispute conference, Plaintiff's counsel explained Plaintiff did not produce this report in response to a particular request but as part of a generally responsive group of documents. Filing No. 106 at 54:25. Both Plaintiff's and Defendant's counsel then represented this document was responsive to Request for Production No. 8. *Id.* at 54:25; 57:42. As set forth above, RFP No. 8 was not at issue in the initial July discovery dispute conference. Accordingly, the deadline to file motions to compel a response to this request was July 20, 2026, not August 7. *See* Filing No. 73. The August 7 deadline only allowed motions to compel responses to disputed requests discussed during the conference. Filing No. 82; Filing No. 81 at 1:37:51. Additionally, RFP No. 8 was not included in the parties' stipulation. *See* Filing No. 83.

Defendant does not directly address this issue but appears to argue the monthly variance reports are responsive to Interrogatory No. 9 and RFP No. 31. Filing No. 111 at 11–12. Both these requests were at issue during the July discovery dispute conference and covered by the stipulation.

## ANALYSIS

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

Defendant initially emailed the Court to discuss the dispute pertaining to Interrogatory No. 9 and Requests for Production Nos. 31 and 4 before the motion to compel deadline lapsed. During the discovery dispute conference, the Court set August 7 as the deadline for filing motions to compel related to these requests. The parties met and conferred again and filed a stipulation by the deadline. Defendant then moved reasonably promptly for sanctions on the grounds that Plaintiff's subsequent production did not comply with the parties' stipulation. The Court held a second discovery dispute conference. As a result of the Court's rulings during this conference, Defendant discovered additional documents may exist and now moves to reopen the August 7 deadline to move to compel Plaintiff to produce these documents. Under these circumstances, Defendant has shown diligence.

Additionally, the prejudice to Plaintiff is minimal. Defendant only requests a short extension that will not affect the remaining deadlines. The Court will order the parties to provide position statements and hold a third discovery dispute conference. Plaintiff will have the opportunity to address the merits of any motion to compel responses to these discovery requests.[3]

[3] Defendant filed a second reply to supplement its briefing after the November 9 deposition. Filing No. 122. Plaintiff's counsel emailed chambers for leave to respond to Defendant's extra brief. This request is denied. There is good cause to reopen the August 7 motion to compel deadline even

Finally, the parties both delve into the weeds of the specific documents Defendant intends to move the Court to compel Plaintiff to produce. The Court is only opening the motion to compel deadline for Interrogatory No. 9 and Requests for Production Nos. 31 and 4.[4] At this stage, the Court is not determining whether any of the documents Defendant references in its briefing are responsive to these requests, relevant, or proportional. The Court merely finds there is good cause to reopen and extend the August 7 motion to compel deadline based on Defendant's diligence and, secondly, the minimal prejudice to Plaintiff.

## CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion, Filing No. 110, is granted for good cause shown. The Court reopens the August 7 deadline to file motions to compel for only Interrogatory No. 9 and Requests for Production Nos. 31 and 4.

IT IS FURTHER ORDERED:

1) On or before November 24, 2026, the parties shall meet and confer again to determine what, if any, documents the parties agree should be produced.
2) If the parties are unable to resolve their dispute without Court intervention, the parties shall email position statements to chambers by December 2, 2026. The Court will hold a discovery dispute conference and reset the August 7 deadline, if appropriate, after the call.

---

without considering Defendant's second reply. Plaintiff will have ample opportunity to respond to Defendant's substantive arguments prior to and during the discovery dispute conference as well as in response to any motion to compel that is filed.

[4] Any motion to compel Plaintiff to respond to Request for Production No. 8 is untimely and will be summarily denied.

Dated this 17th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge